UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                       )
JESSE RILES,                                                  )
                                                                       )
               Plaintiff,                                         )
                                                                       )
       v.                                                            )          Civil Action No. 09-0214 (PLF)
                                                                       )
TIMOTHY GEITHNER, Secretary,                    )
United States Department of the Treasury,       )
*et al.*,                                                             )
                                                                       )
               Defendants.                                      )
_____)

MEMORANDUM OPINION

        This matter is before the Court on *pro se* plaintiff Jesse Riles' motion for a

preliminary injunction; defendants' opposition thereto and motion to dismiss the complaint

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure; and several

miscellaneous motions filed by Mr. Riles.[1]  For the reasons stated below, the Court will grant

defendants' motion and dismiss Mr. Riles' complaint for lack of subject matter jurisdiction.

_____

        [1]        The papers submitted in connection with this matter include: Plaintiff's Motion
for a Preliminary Injunction to End the Investigation ("P.I. Mot."); Defendants' Motion to
Dismiss the Complaint and Opposition to Plaintiff's Motion for a Preliminary Injunction ("Def.
Mot."); Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint; Defendants'
Reply in Support of their Motion to Dismiss the Complaint; Plaintiff's Surreply in Support of
Denying Defendants' Motion to Dismiss the Complaint; Plaintiff's Motion to Amend the
Complaint ("Mot. Amend"); Plaintiff's Motion to Put the Burden of Proof on the Defendants;
Plaintiff's Motion for Discovery; and Plaintiff's Motion to Appoint Counsel.

        Though plaintiff moved for a preliminary injunction at the outset of this case, his
prosecution of the case since that time has shown that the expeditious consideration that the
Court would normally give to a motion for a preliminary injunction was unnecessary.

## I. BACKGROUND

Mr. Riles brings suit against Timothy Geithner, in his official capacity as the Secretary of the United States Department of the Treasury; Janet Napolitano, in her official capacity as the Secretary of the United States Department of Homeland Security; and "John Doe."  Complaint at 1 ("Compl.").  The gist of Mr. Riles' complaint is that the defendants have, without his consent, "engaged in activities with the use[] of technology that allow[] them to know what he [is] thinking[.]"  Id. at 2; see also id. at 4 (complaining that he "will never have a private thought or conversation" so long as defendants continue these alleged activities).  Specifically, Mr. Riles claims that the defendants are using mind-reading technology to surveil and investigate his private affairs, including his sexual habits and his financial dealings; to sabotage his relationships; to prevent him from "engaging in his chosen occupation of bookkeeping and tax preparation"; to prevent others from buying his book and interviewing him; and to spread malicious rumors about him.  See id. at 2-4.  Relatedly, Mr. Riles alleges that the defendants have told him that his parents are dead; that "his son is in their [possession]"; and that they intend to kill him.  Id. at 4.  According to Mr. Riles, the defendants have violated his fundamental rights, including his right to privacy; denied him his rights to due process and equal protection of the laws; subjected him to cruel and unusual punishment; misappropriated his thoughts without just compensation; and caused him to suffer substantial mental and emotional suffering.  See id. at 2-4.  He therefore seeks a preliminary injunction to end the defendants' alleged mind-reading, investigation and harassment.  See P.I. Mot. at 1.  He also seeks $50,000,000 in compensatory and punitive damages.  See Compl. at 4.

The government seeks dismissal of Mr. Riles' complaint, principally on the grounds that (1) Mr. Riles' claims are obviously frivolous, and (2) federal courts lack subject matter jurisdiction over such claims.  See Def. Mot. at 1.  Because the Court agrees with the government on both points, it will grant the government's motion to dismiss, dismiss Mr. Riles' complaint for lack of subject matter jurisdiction, and deny Mr. Riles' motion for a preliminary injunction.  The Court will dispose of Mr. Riles' other motions as described below.

## II.  DISCUSSION

### A.  Mr. Riles' Motion to Amend the Complaint

The Court normally would grant Mr. Riles' motion to amend his complaint because a plaintiff is entitled to amend his complaint once as a matter of course before being served with a responsive pleading.  See FED. R. CIV. P. 15(a)(1)(A).  Because Mr. Riles' motion to amend is not accompanied by an amended complaint, however, he is in violation of the Rules of this Court.  See L. CIV. R. 15.1 ("A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended.").  The Court therefore will deny the motion.[2]

### B.  Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

The defendants contend that Mr. Riles' complaint must be dismissed for lack of subject matter jurisdiction because his claims are obviously frivolous.  "'[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and

---

[2]     Even if the Court granted the motion and disregarded those parts of the complaint that arguably fall under the purview of the Federal Tort Claims Act, see Mot. Amend at 1, the jurisdictional defect described below would remain and require dismissal of Mr. Riles' lawsuit.

3

unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, [or] obviously

frivolous[.]"  Watson v. United States, Civil Action No. 09-0268, 2009 WL 377136, at *1

(D.D.C. Feb. 13, 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)) (internal

quotation marks and citations omitted).  See also Steel Co. v. Citizens for a Better Environment,

523 U.S. 83, 89 (1998); Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994).  Thus, such claims

must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  To be

dismissed on this ground, the claims in question must "be flimsier than 'doubtful or

questionable' – they must be 'essentially fictitious.'"  Best v. Kelly, 39 F.3d at 330 (quoting

Hagans v. Lavine, 415 U.S. at 536-37).  Claims that are essentially fictitious include those that

allege "bizarre conspiracy theories, . . . fantastic government manipulations of [the] will or mind,

[or] any sort of supernatural intervention."  Best v. Kelly, 39 F.3d at 330.

        Here, "[e]ven a cursory review of the complaint . . . reveals that plaintiff's

allegations meet this ['essentially fictitious' or 'obviously frivolous'] standard."  Watson v.

United States, 2009 WL 377136 at *1.  As noted above, Mr. Riles alleges that the Department of

the Treasury, the Department of Homeland Security, and one John Doe are using mind-reading

technology to (among other things) monitor his thoughts, intrude upon his private affairs, turn

others against him, and destroy his livelihood.  These are surely "bizarre conspiracy theories"

involving "fantastic government manipulations" of Mr. Riles' mind – not to mention the minds

of his family members, friends and acquaintances.  Best v. Kelly, 39 F.3d at 330.  Nor do Mr.

Riles' factual allegations even arguably serve to remove his claims from the realm of the

"essentially fictitious."  Compare Hilska v. Jones, 297 F. Supp. 2d 82, 89 (D.D.C. 2003) (claims

held implausible, but not fictitious or frivolous).  The Court assumes, for purposes of this

Memorandum Opinion, that Mr. Riles suffered all of the personal and professional frustrations alluded to in his complaint. Nevertheless, his claims still must be regarded as "wholly insubstantial" because he identifies no facts or circumstances to suggest that those misfortunes occurred because agents of the federal government have been monitoring his thoughts, investigating him, or harassing him. Thus, even though complaints filed by *pro se* litigants such as Mr. Riles are held to less stringent standards than those filed by attorneys, the Court is bound to dismiss Mr. Riles' complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. See Curran v. Holder, Civil Action No. 08-1559, 2009 WL 1687566, at *4 (D.D.C. June 17, 2009); Richards v. Duke University, 480 F. Supp. 222, 232-34 (D.D.C. 2007); Roum v. Bush, 461 F. Supp. 2d 40, 46 (D.D.C. 2006); Bestor v. Lieberman, Civil Action No. 03-1470, 2005 WL 681460, at *2 (D.D.C. Mar. 11, 2005); Carone-Ferdinand v. Central Intelligence Agency, 131 F. Supp. 2d 232, 234-35 (D.D.C. 2001).

### C. Loose Ends

Because the Court is dismissing Mr. Riles' complaint for lack of subject matter jurisdiction, there is no need to address his motion for a preliminary injunction. That motion therefore will be denied as moot. The rest of Mr. Riles' motions are plainly without merit and will be denied. An Order consistent with this Memorandum Opinion shall be issued this same day.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 2, 2009

5